# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 30, 2025

| | | |
|---|---|---|
| STEPHEN HICKNER, M.D., | * | |
| Petitioner, | * | No. 21-2046V |
| v. | * | Special Master Young |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Scott William Rooney,* Nemes, Rooney, P.C., Farmington Hills, MI, for Petitioner.
*Parisa Tabassian*, U.S. Department of Justice, Washington, DC, for Respondent.

## DISMISSAL DECISION[1]

On October 20, 2021, Stephen Hickner ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Pet., ECF No. 1. Petitioner alleged that he suffered from chronic inflammatory demyelinating polyneuropathy ("CIDP") resulting from an influenza ("flu") vaccine administered on October 26, 2018. *Id.* at 2.

On June 10, 2025, I issued a fact ruling finding that the record contained preponderant evidence that Petitioner's symptoms began no earlier than five months post vaccination. ECF No. 83. On July 29, 2025, Petitioner filed an "Order of Dismissal" requesting that the Court "enter a dismissal under Vaccine [R]ule 21(b)(1), whereupon the Petitioner's claims are dismissed with prejudice and that a [j]udgment be entered." ECF No. 89 at 1. Respondent confirmed via email on July 29, 2025, that he has no objection to Petitioner's request. Informal Comm., docketed July 30, 2025.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act," "the Act," or "the Program"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

To receive compensation under the Program, Petitioner must prove either (1) that he suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that he suffered an injury that was caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence that Petitioner's alleged injury was caused by the flu vaccine.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim, and Petitioner has not filed a supportive opinion from an expert witness. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[3]

**IT IS SO ORDERED.**

/s/ Herbrina D. S. Young
Herbrina D. S. Young
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.