# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: August 21, 2026

| | |
|---|---|
| STEPHEN HICKNER, MD,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 21-2046V<br><br>Special Master Young |

*Scott William Rooney*, Nemes, Rooney P.C., Farmington Hills, MI, for Petitioner.
*Parisa Tabassian*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On October 20, 2021, Stephen Hickner ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2018) (the "Vaccine Act" or "Program"). Pet., ECF No. 1. Petitioner alleged that he suffered from chronic inflammatory demyelinating polyneuropathy ("CIDP") resulting from an influenza ("flu") vaccine administered on October 26, 2018. *Id*. at 2. On July 30, 2025, I issued a decision denying entitlement and dismissing the Petition. ECF No. 90.

On August 18, 2025, Petitioner filed a motion for attorneys' fees and costs. Pet'r's Mot. for AFC, ECF No. 92. Petitioner requests total attorneys' fees and costs in the amount of $39,614.00, representing $39,212.00 in attorneys' fees and $402.00 in attorneys' costs. Pet'r's

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

Mot. for AFC at 2. Petitioner represents that he personally incurred costs acquiring medical records in the amount of $2,595.44. *Id.*; *see* Ex. 2. Respondent responded to the motion on August 20, 2025, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2, 4, ECF No. 93. Petitioner filed a reply on the same day. *See* Pet'r's Reply, ECF No. 94.

This matter is now ripe for consideration.

## I. Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of her or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, although the petition was eventually dismissed, I am satisfied that the case possessed both good faith and reasonable basis throughout its pendency. Respondent also has not advanced any argument that the claim lacked good faith or reasonable basis. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A. Reasonable Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[3]

There is inconsistency in Mr. Rooney's requested hourly rates. In most years in which work was performed in this case, the rate requested in the fee application is not the same as the rate that was actually billed. In the fee application, Mr. Rooney states that he "bills at an hourly rate of $300.00 per hour for work during the time period 2018 through 2021. Additionally, the approved rate for Counsel increased from that time to $400.00 per hour in 2022, $480.00 per hour in 2023-2024, and $500.00 per hour for 2024-2025 work." Pet'r's Mot. for AFC at 2. However, Mr. Rooney actually billed the following: $500.00 per hour for work performed in 2020 and 2021, $350.00 per hour for work performed in 2022, $480.00 per hour for work performed in 2023, and $500.00 per hour for work performed in 2024 and 2025. *See* Pet'r's Mot. for AFC, Ex. 1. This issue has been raised with Mr. Rooney before, and he is once again reminded to submit accurate motions and billing sheets that reflect the actual rate he is billing for his work in the Vaccine Program. *See Moenig ex rel. M.M.* v. Sec'y of Health & Human Servs., No. 21-993V, 2026 WL 1229784, at *4 (Fed. Cl. Spec. Mstr. Mar. 23, 2026) (addressing similar discrepancies between the hourly rates Mr. Rooney requested and billed); *Jinkerson v Sec'y of Health & Human Servs.*, No. 18-1355V, 2024 WL 3760329, at *3-4 (Fed. Cl. Spec. Mstr. July 11, 2024) (same); *Thomas v. Sec'y of Health & Human Servs.*, No. 14-966V, 2018 WL 5725184, at *2 (Fed. Cl. Spec. Mstr. Oct. 5, 2018) (same).

I have reviewed Mr. Rooney's invoice to determine the rates he actually billed, compared to what he has previously been compensated for his work in the Vaccine Program. Accordingly, I award the following: $350.00 per hour for work performed from 2020-2022, $480.00 per hour for work performed in 2023, and $500.00 per hour for work performed in 2024 and 2025. These rates are generally in line with rates Mr. Rooney has been previously awarded (though there have been significant discrepancies from case to case). *See Kiekintveld v. Health & Human Servs.*, No. 23-67V, 2025 WL 1891728, at *1 (Fed. Cl. Spec. Mstr. June 5, 2025) (awarding $500.00 per hour for work billed from 2024-2025); *Heath v Sec'y of Health & Human Servs.*, No. 19-1438V, 2025 WL 545046, at *2 (Fed. Cl. Spec. Mstr. Jan. 21, 2025) (awarding $300.00 per hour for work billed from 2018-2019, $350.00 per hour for work billed in 2020, $400.00 per hour for work billed from 2021-2022, and $500.00 for work billed from 2023-2024); *Jaye v. Sec'y of Health & Human Servs.*, No. 20-672V, 2024 WL 5118499, at *3 (Fed. Cl. Spec. Mstr. Nov. 15, 2024) (awarding $350.00 per hour for work billed in 2018, $375.00 per hour for work billed from 2019-2020, $400.00 per hour for work billed in 2021, $470.00 per hour for work billed in 2022, and $480.00 per hour for work billed from 2023-2024); *Schweder v. Sec'y of Health & Human Servs.*, No. 20-

[3] The OSM Fee Schedules are available at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

1077V, 2022 WL 4078659, at *2 (Fed. Cl. Spec. Mstr. Aug. 4, 2022) (awarding $375.00 per hour for 2019-2020, $400.00 per hour for 2021, and $470.00 for 2022); *Heil v. Sec'y of Health & Human Servs.*, No. 19-0109V, 2022 WL 3639431, at *2 (Fed. Cl. Spec. Mstr. July 22, 2022) (awarding $350.00 per hour for 2018, $375.00 per hour for 2019-2020, $400.00 per hour for 2021, and $470.00 per hour for 2022). This results in a reduction of $**330.00**.[4]

Additionally, Mr. Rooney requested compensation for paralegal work performed from 2020-2025 at a rate of $65.00 per hour. *See* Pet'r's Mot. for AFC, Ex. 1. I find the requested paralegal rates are reasonable and no adjustment is warranted, based on the Office of Special Masters' Fee Schedule and what Mr. Rooney's staff has previously been awarded. *See Moenig ex rel. M.M.*, 2026 WL 1229784, at *4 (awarding $65.00 per hour for paralegal work performed from 2018-2025).

### B. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley*, 461 U.S. at 434).

I have reviewed the submitted billing entries and find that an overall reduction in billing is reasonable and necessary.

I have identified several billing entries, totaling approximately 6.5 hours, reflecting tasks considered administrative in nature including preparing basic documents like notices of filing and exhibit lists, preparing exhibits for filing, filing documents, and traveling to FedEx. *See* Pet'r's Mot. for AFC, Ex. 1 at 1-3, 5, 8, 11. It is well established in the Program that secretarial or administrative tasks should not be billed at all, regardless of who performs such task. *See, e.g.*, *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *26 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

An additional issue with the billing entries in this case is that they frequently display block billing by combining several discrete tasks into one large entry. For example, on May 13, 2022, Mr. Rooney billed 1 hour for "Email correspondence with defense attorney; draft motion; email correspondence with client; review records; telephone conference with provider;" on December 21, 2022, the paralegal billed 1 hour for "Preparation letters to Northwestern Mutual and fax, Hartford (STD), Hartford (LTD), UNUM, Petitioner's Status report, Notice of filing, exhibits 17-20, and exhibit list;" on October 3, 2023, Mr. Rooney billed 5 hours for "Telephone conference with client; zoom conferences with client; review of medical records; review of medical records with client; court Rule 5 conf.;" and on April 1, 2024, Mr. Rooney billed 3 hours to "Revise and finalize brief;

[4] This amount is calculated as (($500.00-$350.00) x 0.2 hours) + (($500.00-$350.00) x 2.0 hours) = $330.00.

email correspondence with client; file brief." Pet'r's Mot. for AFC, Ex. 1 at 3, 5, 7, 10. There are more than 15 instances of such billing entries by both counsel and the paralegal. *See id.* at 3, 5-10.

I recognize that in some instances, some of these activities may be related such that one activity naturally flows into the next throughout the course of the workday. However, engaging in block billing frustrates my ability to determine how much time was spent on a compensable task versus time on the non-compensable, administrative task.

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. *Wasson v. Sec'y of Health and Human Servs.*, 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) *rev'd* on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." *Saxton*, 3 F. 3d at 1521. In this case, considering the administrative and block billing, I find that a 5% reduction in overall fees reasonable. This results in a reduction of **$1,944.10**.[5]

Accordingly, Petitioner is entitled to final attorneys' fees in the amount of $36,937.90.

### C. Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

Petitioner requests $402.00 in attorneys' costs for reimbursement of the Court's filing fee. Pet'r's Mot. for AFC, Ex. 1 at 12. Petitioner also requests $2,595.44 for costs he personally incurred acquiring medical records in this case. *See* Pet'r's Mot. for AFC, Ex. 2. Petitioner has provided adequate documentation for all claimed attorneys' costs and personally incurred costs and is awarded the full amount of costs sought.

Accordingly, Petitioner is entitled to final attorneys' costs in the amount of $402.00, and personal costs in the amount of $2,595.44.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable. Based on the above analysis, I find that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $39,212.00 |
| (Reduction of Fees) | ($2,274.10) |
| **Total Attorneys' Fees Awarded** | **$36,937.90** |

[5] This amount is calculated as $38,882.00 x 0.05 = **$1,944.10**.

| | |
|---|---|
| Attorneys’ Costs Requested | $402.00 |
| (Reduction of Costs) | - |
| **Total Attorneys’ Costs Awarded** | **$402.00** |
| | |
| **Total Attorneys’ Fees and Costs** | **$37,339.90** |
| | |
| Petitioner’s Costs Requested | $2,595.44 |
| (Reduction of Costs) | - |
| **Total Petitioner’s Costs Awarded** | **$2,595.44** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $37,339.90, representing reimbursement for Petitioner’s attorneys’ fees and costs, to be paid through an ACH deposit to Petitioners’ counsel’s IOLTA account for prompt disbursement.**

2) **A lump sum in the amount of $2,595.44, representing reimbursement for Petitioner’s personally incurred litigation costs, to be paid through an ACH deposit to Petitioner’s counsel’s IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[6]

**IT IS SO ORDERED**.

s/Herbrina D. S. Young
Herbrina D. S. Young
Special Master

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties’ joint filing of notice renouncing the right to seek review.